IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

ELISHA RIGGLEMAN, )
)
    Movant, )
)
v. ) CIVIL ACTION NO. 5:14-03232
) (Criminal No. 5:11-00124)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## O R D E R

    Pending before the Court is Movant's "Motion to Reopen Case Under the Intervening Change in the Law Doctrine Rule 60(b)(6) of Civil Procedures," filed on August 13, 2018. (Document No. 503.) Movant states that at the time of the dismissal of his first Section 2255 Motion, he was "not aware of the fact that a new constitutional ruling was issued by the Supreme Court of the United States." (Id.) Citing Sessions v. Dimaya, Movant argues that this decision "renders the charge of threatening to murder and kidnap and assault a FBOP law enforcement officer U.S.C. § 115(a)(1)(B) to be that of a nonviolent nature." (Id.) Movant, therefore, contends that he "should not be charged with the career offender act and would not have been sentenced under the . . . career offender guidelines." (Id.) Movant further complains that *habeas* counsel must not have been aware of Dimaya or she would have filed an appeal. (Id.) Movant explains that the Court should reopen his case pursuant to Rule 60(b)(6), which is a "catch all provision" that "has been used sparingly as an equitable remedy to prevent manifest injustice." (Id.) Movant claims he is suffering a manifest injustice because he is serving an enhanced sentence "because of three felony counts it was said that this petitioner is a career offender, but none of the three felonies used against [him] are violence in nature pursuant to the above Dimaya case." (Id.)

    Rule 60(b) of the Federal Rules of Civil Procedures provides that "the court may relieve a

party or its legal representative from a final judgment, order, or proceeding for the following reasons:"

> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> (2) Newly discovery evidence that, with reasonable diligence, could not have been discovery in time to move for a new trial under Rule 59(b);
>
> (3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) The judgment is void;
>
> (5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) Any other reason that justifies relief.

Fed. R. Civ. P. Rule 60(b). Given the procedural limitations associated with filing successive *habeas* motions, the Fourth Circuit has emphasized the importance of performing an initial review of claims asserted in a Rule 60(b) motion to verify that such claims are properly brought under Rule 60(b). United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). The Fourth Circuit has recognized that "a Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition" that is subject to the preauthorization requirements of 28 U.S.C. § 2244(b)(3)(A). United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015)(quoting Gonzales v. Crosby, 545 U.S. 524, 531-32, 125 S.Ct. 2641, 2647-48, 162 L.Ed.2d. 480 (2005)). A true Rule 60(b) motion is a motion that challenges "some defect in the integrity of the federal habeas proceedings." Id. A mixed Rule 60(b) and Section 2255 motion occurs when a movant "presents claims subject to the requirements for successive applications as well as claim

cognizable under Rule 60(b)." Id. at 400(quoting Winbush, 340 F.3d at 207). In Winbush, the Fourth Circuit provided a framework for distinguishing a proper Rule 60(b) motion from a successive Section 2255 Motion as follows:

> We emphasize that we do not require that all Rule 60(b) motions be treated as successive applications; instead the proper treatment of the motion depends on the nature of the claims presented. * * * There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will properly be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence. By contrast, an example of a proper Rule 60(b) claim is an allegation that the government agents perpetrated a fraud on the court during the collateral review proceedings.

Winbush, 340 F.3d at 206-07.

Based upon the foregoing, the undersigned finds that Movant's Rule 60(b) Motion is not a true Rule 60(b) Motion, but rather is a successive *habeas* petition. In his instant Rule 60(b) Motion, Movant is clearly asserting a new challenge to the validity of his conviction and sentence based upon Sessions v. Dimaya, ___ U.S. ___, 138 S.Ct. 1204, 1223, 200 L.Ed.2d 549 (2018). Movant acknowledges that he failed to raise a claim under Dimaya in his first Section 2255 proceeding because he was unaware of the Dimaya case. There is no allegation of "some defect in the integrity of the federal habeas proceedings" or that this Court made an erroneous ruling that precluded Movant from asserting his Dimaya claim. See Gonzalez, 545 U.S. at 532, 125 S.Ct. at 2648, n. 4(noting that a movant files a true Rule 60(b) motion where he asserts that the court made an erroneous prior ruling, which precluded a merits determination in his Section 2255

proceeding); Winestock, 340 F.3d at 207("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application"); Nobrega v. United States, 2018 WL 6606053 (D.Me. Dec. 17, 2018)(construing a Rule 60(b) motion based upon *Dimaya* as a successive Section 2255 Motion); Colley v. United States, 2018 WL 3764117 (N.D.Ga. July 5, 2018)(construing a Rule 60(b)(6) motion relying upon *Dimaya* as a successive Section 2255 because movant was asserting a new substantive claim challenging his judgment of conviction); Lindsay v. United States, 2018 WL 3370635 (D.N.J. July 10, 2018)(denying movant's Rule 60(b)(6) motion based *Dimaya* because movant's claim that *Dimaya* rendered him actually innocent was not contained in his previous Section 2255 motion). Thus, Movant's new collateral attack on his conviction or sentence based upon Dimaya must be brought under a new action pursuant to 28 U.S.C. § 2255. The undersigned, therefore, finds that Movant's "Motion to Reopen Case Under the Intervening Change in the Law Doctrine Rule 60(b)(6) of Civil Procedures" (Document No. 503) should be construed as a new Section 2255 Motion. Accordingly, it is hereby **ORDERED** that the Clerk open a new action indicating Mr. Riggleman as the Movant, the cause as a 28 U.S.C. § 2255 Motion to Vacate/Correct Illegal Sentence case, and include herein a copy of this Order and Document Nos. 503 and 509. The Clerk is further **DIRECTED** to **TERMINATE** Document Nos. 503 and 509 as pending Motions in Civil Action No. 5:14-cv-03232 and Criminal Action No. 5:11-00124.

The Clerk is directed to send a copy of this Order to Movant, who is acting *pro se*, and counsel of record.

ENTER: March 7, 2019.

Omar J. Aboulhosn
United States Magistrate Judge